IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MELISSA WAGENBRENNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 17-1598-SRF |
| | ) | (CONSOLIDATED) |
| LITTLE NEST GROUP, LLC and | ) | |
| LAURA NOVAK MEYER | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| MELISSA WAGENBRENNER, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | C.A. No. 18-1528-SRF |
| | ) | |
| LAURA E. NOVAK a/k/a LAURA NOVAK | ) | |
| MEYER, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

I. **INTRODUCTION**

Presently before the court in this fraud action is a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by defendants Little Nest Group, LLC ("Little Nest") and Laura Novak Meyer ("Ms.

Meyer") (collectively, "defendants").[1] (D.I. 8) The court has jurisdiction pursuant to 28 U.S.C. § 1332(a).[2] For the following reasons, the defendants' motion to dismiss is denied.[3]

## II. BACKGROUND

### A. The Parties

Melissa Wagenbrenner ("plaintiff") is a citizen and resident of the state of Washington. (D.I. 1 at ¶ 4) Little Nest is a limited liability company formed under the laws of Delaware, with its principal place of business in Glen Mills, Pennsylvania. (*Id.* at ¶¶ 5, 10; D.I. 9, Ex. B at 2) Ms. Meyer is a citizen and resident of the state of Delaware and the sole member of Little Nest. (D.I. 1 at ¶¶ 5-6)

### B. Procedural History of Consolidated Cases

On November 7, 2017, plaintiff originally filed this action against defendants Little Nest, Ms. Meyer, and Noelle Peter ("Ms. Peter") for money damages, punitive damages, and attorney's fees as a result of alleged misleading and inflated revenue prospects concerning a franchising opportunity. (D.I. 1) On January 17, 2018, defendants filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(2). (D.I. 8) On February 26, 2018, plaintiff filed a notice of dismissal of complaint against Ms. Peter without prejudice. (D.I. 20) The court approved the dismissal of Ms. Peter on February 27, 2018. (D.I. 21) On March 6, 2018, the parties consented to the jurisdiction of a magistrate judge. (D.I. 24)

---

[1] Defendant, Noelle Peter, was an original party in both actions but, subsequent to the briefing on the instant motion, she was voluntarily dismissed on February 27, 2018. (D.I. 20; D.I. 21)

[2] The parties consented to the jurisdiction of a magistrate judge to conduct all proceedings in C.A. No. 17-1598 and C.A. No. 18-1528 through final judgment and the cases were assigned to the undersigned judicial officer on March 6, 2018 and December 4, 2018 respectively. (C.A. No. 17-1598-SRF, D.I. 24; C.A. No. 18-1528-SRF, D.I. 8)

[3] The briefing for the pending motion is as follows: defendants' opening brief in support of their motion to dismiss (C.A. No. 17-1598, D.I. 9), plaintiff's answering brief (C.A. No. 17-1598, D.I. 11), and defendants' reply brief (C.A. No. 17-1598, D.I. 13).

On July 3, 2018, Ms. Meyer filed for bankruptcy under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware. (D.I. 30) On July 10, 2018, the court stayed and administratively closed the case with leave to reopen pursuant to section 362(a) of the Bankruptcy Code. (D.I. 31) On September 28, 2018, plaintiff filed an adversary complaint in the Bankruptcy Court (the "Adversary Proceeding"), asserting common law intentional and negligent fraud and violation of Washington's Franchise Investment Protection Act ("FIPA"). (C.A. No. 18-1528, D.I. 1-1 at 4) The Adversary Proceeding was filed only against Ms. Meyer as the individual debtor. (*See* D.I. 32)

On October 2, 2018, the Bankruptcy Court entered an Order of Discharge. (C.A. No. 18-1528, D.I. 9 at 2) On October 3, 2018, plaintiff filed a motion to withdraw the reference of Adversary Proceeding 18-50872 (BLS) to the Bankruptcy Court and to consolidate the adversary case with the case at bar. (C.A. No. 18-1528-SRF, D.I. 1) On November 14, 2018, defendant Meyer consented to the consolidation of the present action and the related earlier-filed action, Wagenbrenner v. Little Nest Group, LLC, et al., C.A. No. 18-1528-SRF (the "consolidated case"). (C.A. No. 18-1528, D.I. 5) On November 20, 2018, the reference of the Adversary Proceeding to the Bankruptcy Court was withdrawn and the Adversary Proceeding was consolidated with this action. (D.I. 32) The stay was lifted on January 8, 2019 in accordance with the status report filed in the consolidated case. (C.A. No. 18-1528, D.I. 9)

### C. Facts[4]

This case arises out of defendants' statements and business dealings with the plaintiff leading up to plaintiff's investment in a Little Nest photography studio franchise. Plaintiff

---

[4] The facts in this section are based upon allegations in the complaint, which the court accepts as true for the purposes of the present motion to dismiss. *See Umland v. Planco Fin. Servs.*, 542 F.3d 59, 64 (3d Cir. 2008).

3

alleges, in Count One of the complaint, a claim of common law fraud against all defendants based on allegedly misleading statements meant to induce her into becoming a franchisee. (D.I. 1 at ¶¶ 20-30) Count Two of the complaint alleges negligent misrepresentation against all defendants based on alleged misrepresentations upon which plaintiff relied. (*Id.* at ¶¶ 31-34) Count Three of the complaint alleges violations of Washington's FIPA against all defendants for selling plaintiff a franchise after presenting her with allegedly misleading information. (*Id.* at ¶¶ 35-41)

In July 2016, plaintiff became interested in purchasing a Little Nest franchise. (*Id.* at ¶ 8) At that time, plaintiff was employed in pharmaceutical sales and compensated more than $300,000 annually. (*Id.*) Upon review of Little Nest's website and the available Franchise Disclosure Document ("FDD"), plaintiff concluded that if she were to purchase a Little Nest franchise, her potential annual revenue would be $522,164. (*Id.*) The Little Nest website estimated that the total investment for a franchise ranged from $130,500 to $270,000, with the build-out of leased space amounting to $25,000 to $75,000. (*Id.*) Plaintiff subsequently contacted Ms. Meyer and Ms. Peter about the opportunity to purchase a franchise and expressed concern as to whether she was able to replace her income if she quit her job. (*Id.* at ¶ 9) Ms. Meyer stated that one studio would not generate sufficient income, but that two or three studios would equal or exceed plaintiff's former annual income. (*Id.*)

After a series of calls between plaintiff and Ms. Meyer, plaintiff traveled to Little Nest's headquarters in Glen Mills, Pennsylvania for "Discovery Day" on September 2, 2016, where she met with Ms. Meyer, Ms. Peter, and Brianna Clifford.[5] (*Id.* at ¶¶ 9-10) During Discovery Day, Ms. Meyer made a presentation that showed an average of 459 classic photography sessions

---

[5] Brianna Clifford is not a party to this action.

4

priced at $984, and 257 shorter sessions priced at $459 per studio annually. (*Id.* at ¶ 10) Ms. Meyer stated that corporate studios historically performed better than what was reflected in the FDD because Ms. Meyer was investing most of her efforts into franchising in 2015. (*Id.* at ¶ 13)

After Discovery Day, Ms. Meyer sent plaintiff a FDD which provided information for prospective franchise purchasers and representations about the financial performance of two company-owned studios. (*Id.* at ¶¶ 11-12) Specifically, Item 19 of the FDD showed average unit revenues of $560,000, cost of goods sold of $110,266, and average unit volume of $560,367 for the 12 months ending December 31, 2015 (the "Item 19 Representations"). (*Id.* at ¶ 12) In September 2016, plaintiff sent Ms. Peter a set of financial projections (the "September-October 2016 Projections"), which Ms. Peter reviewed before suggesting that plaintiff's "cost of goods sold" figures were too high. (*Id.* at ¶ 14) On October 17, 2016, Ms. Meyer provided guidance as to the number of photographer hours to account for in plaintiff's projections. (*Id.*) On October 28, 2016, plaintiff executed a franchise agreement (the "Franchise Agreement") with Little Nest. (*Id.* at ¶ 15)[6]

Shortly after executing the Franchise Agreement, Ms. Peter forwarded a franchise model to plaintiff which contained "assumptions that showed expenses and net profit of a Little Nest Studio at five different levels of revenue, ranging from $400,000 to $600,000." (*Id.*) The franchise model also stated that "after all expenses, [there would be] a profit of $118,950 for a studio with $550,000 in sales." (*Id.*)

---

[6] The Franchise Agreement was not included by plaintiff as an exhibit to the complaint. However, the court can consider the Franchise Agreement on a Rule 12 motion because it is referenced and intertwined with the allegations in the complaint. *See Church of Universal Bhd. v. Farmington Twp. Supervisors*, 296 F. App'x 285, 288 (3d Cir. 2008); *Gould Elec., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). The actual Franchise Agreement appears at (D.I. 9, Ex. A).

5

Upon signing the Franchise Agreement and receiving the franchise model, plaintiff entered into a ten-year lease that called for rent and other expenses totalling $6,758 per month. (*Id.* at ¶ 16) Plaintiff quit her job on April 10, 2017, and engaged an architect to begin exploring buildout options which amounted to approximately $234,342. (*Id.* at ¶¶ 16-17) Concerned about her ability to cover construction costs, plaintiff contacted "existing franchisees to confirm that the revenue stream would be sufficient to cover [unanticipated expenses]." (*Id.* at ¶ 17) In doing so, plaintiff claims that she discovered that the financial performance representations made by Ms. Meyer were less than what she represented. (*Id.* at ¶¶ 17-18)

### III. LEGAL STANDARD

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, the court must accept as true all factual allegations in the complaint and view them in the light most favorable to the plaintiff. *See Umland v. Planco Fin. Servs.*, 542 F.3d 59, 64 (3d Cir. 2008).

To state a claim upon which relief can be granted pursuant to Rule 12(b)(6), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required, the complaint must set forth sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). A claim is facially plausible when the factual allegations allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 663; *Twombly*, 550 U.S. at 555-56.

The court's determination is not whether the non-moving party "will ultimately prevail," but whether that party is "entitled to offer evidence to support the claims." *United States ex rel. Wilkins v. United Health Grp., Inc.*, 659 F.3d 295, 302 (3d Cir. 2011). This "does not impose a probability requirement at the pleading stage," but instead "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [the necessary element]." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). The court's analysis is a context-specific task requiring the court "to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. 663-64.

## IV. DISCUSSION

### A. Personal jurisdiction over Defendant Peter

Defendants argue that the court lacks personal jurisdiction over Ms. Peter because she is not a Delaware resident, signatory to the Franchise Agreement, or an owner of Little Nest. (D.I. 9 at 6-9) On February 26, 2018, plaintiff voluntarily dismissed her claims against Ms. Peter without prejudice. (D.I. 20) The court entered an Order of dismissal without prejudice on February 27, 2018. (D.I. 21) Therefore, the defendants' motion to dismiss the defendant, Ms. Peter, under Fed. R. Civ. P. 12(b)(2) is denied as moot.[7]

### B. Personal Liability of Individual Defendant Meyer

In an analysis that does not mention or reference any allegations against Ms. Meyer in the complaint, defendants argue that plaintiff has not overcome the strong presumption against "piercing the corporate veil" and, thus, Ms. Meyer should be dismissed. (D.I. 9 at 10) The court

---

[7] Defendants request that, notwithstanding the dismissal of Ms. Peter, plaintiff should be estopped from seeking recovery against this defendant in a different forum subject to claim preclusion and/or issue preclusion. (D.I. 13 at 1-2) Defendants cite no legal authority in support of this contention. This court cannot restrict or limit the jurisdiction of another (yet unknown) court over potential claims against a defendant dismissed without prejudice.

declines to consider defendants' arguments on the merits in a Rule 12(b)(6) motion to dismiss.[8] At this stage in the proceedings, the court accepts as true all well-pleaded factual allegations contained within the complaint and analyzes the sufficiency of the pleadings. *Umland*, 542 F.3d at 64.

Here, plaintiff alleges claims of common law fraud, negligent misrepresentation, and violation of Washington's FIPA. (D.I. 1 at ¶¶ 20-41) When a party alleges fraud, Fed. R. Civ. P. 9(b) applies and "[a] plaintiff can satisfy the Rule's particularity requirement with allegations of the date, time, or place of the fraud at issue." *Seldon v. Home Loan Servs., Inc.*, 647 F. Supp. 2d 451, 472 (E.D. Pa. 2009) (citing *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786, 791 (3d Cir. 1984)).

In the complaint, plaintiff has explicitly pleaded "the who, what, where, when, how, and why" of her fraud claims. Specifically, plaintiff has identified Ms. Meyer as an individual who provided allegedly false and misleading statements. (D.I. 1 at ¶¶ 9-14, 18, 23-27, 32) With respect to the "what" of the fraud claims, plaintiff alleges that Ms. Meyer made misrepresentations regarding the performance of existing Little Nest studios at Discovery Day, among other occasions. *See* section (II)(C) *supra*. Plaintiff alleges that Ms. Meyer represented that the build-out costs would not exceed $75,000, company-owned stores would have performed better had she not been occupied with franchising the business, and plaintiff could leave her previous job and earn approximately $300,000 per year with two or three Little Nest studios. (*Id.* at ¶¶ 8, 23-24, 32, 37) Plaintiff further alleges that Ms. Meyer provided adjustments to the September-October 2016 Projections and understated the expenses of operating a Little Nest

---

[8] Although defendants argue that Pennsylvania law applies to their analysis of piercing the corporate veil, the court makes no ruling at this time on choice of law. (D.I. 9 at 6, 9-11)

8

franchise. (*Id.* at ¶¶ 14, 25, 32, 39) As to "where" these allegedly false and misleading statements were made, plaintiff alleges that such statements were made on the Little Nest website, in person on Discovery Day, and through correspondence with Ms. Meyer. (*Id.* at ¶¶ 8-11, 13-14) Plaintiff alleges that these allegedly misleading statements were made from September 2, 2016 through October 28, 2016. (*Id.* at ¶¶ 9-15)

The complaint alleges that Ms. Meyer knew that her representations were false and materially misleading, and made these representations with the intent that plaintiff rely upon them in deciding to purchase a franchise, leave her job, and expend funds building a franchise. (*Id.* at ¶¶ 23-27, 32) Finally, plaintiff alleges that as a result of Ms. Meyer's misrepresentations and to her detriment, she left her job, signed the Franchise Agreement, and incurred lease liability and other out-of-pocket expenses. (*Id.* at ¶ 29, 33)

Accepting these facts as true for the purposes of the instant motion to dismiss, plaintiff has adequately pleaded claims sounding in fraud and misrepresentation against Ms. Meyer under the heightened pleading standard of Rule 9. The question of whether plaintiff will ultimately prevail against Ms. Meyer, individually, is a matter that will be addressed at a later date, following discovery, upon resolution of dispositive motions or as an issue of material fact reserved to the fact-finder. Therefore, the court denies defendants' motion to dismiss the claims against defendant, Meyer.

### C. Damages

Plaintiff seeks recovery of "the greater of her actual damages, estimated in excess of $750,000 or the benefit of the bargain Defendants made – i.e., profits of over $100,000 for the ten-year period of the franchise, plus costs, attorney's fees, and punitive damages of $1,000,000." (D.I. 1 at ¶ 1) Defendants argue that plaintiff is precluded from seeking damages

9

other than those outlined in the Franchise Agreement. (D.I. 9 at 11-15) Defendants contend that the Franchise Agreement excludes punitive or exemplary damages, direct, consequential, special, or incidental damages, lost profits, and economic loss. (*Id.* at 11) Defendants aver that the parties had a valid, written agreement that clearly and unambiguously stated their intent, and therefore "[the] court need look no further than the writing itself when asked to give effect to that understanding." *In re Estate of Breyer*, 379 A.2d 1305, 1309 (Pa. 1977).

Defendants' arguments on the merits of plaintiff's damages claims are not properly before the court. On a motion to dismiss, the court assumes all well-pleaded facts to be true and only tests the sufficiency of the pleadings. *Umland*, 542 F.3d at 64. Under the Rule 12 analysis, the court views the damages allegations in the complaint and the contract documents which are incorporated by reference, as true. *See Church of Universal Bhd. v. Farmington Twp. Supervisors*, 296 F. App'x 285, 288 (3d Cir. 2008); *Gould Elec., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). Viewing the facts in the light most favorable to plaintiff, the addendum to the Franchise Agreement ("the Addendum") contains a provision which plaintiff alleges supersedes any contract language limiting or restricting the types of damages that are recoverable if she prevails on her claims. (D.I. 9, Ex. C) In the complaint, plaintiff alleges:

> Under FIPA, any person who sells or offers to sell a franchise in violation of the act is liable to the franchisee for damages, rescission and other relief. Under FIPA, Plaintiff is entitled to recover multiple damages and attorneys' fees.
>
> Plaintiff has been damaged in an amount no less than $1 million as a result of the violations of FIPA by Little Nest, Ms. [Meyer], and Ms. Peter.

(D.I. 1 at ¶¶ 40-41)

Discovery has yet to proceed on the damages claimed by plaintiff and the court must accept all well-pleaded allegations as true at this stage in the proceedings. Furthermore, defendants offer no factual basis or legal authority to support that the damages allegations should

10

be dismissed at this time. Therefore, plaintiff has adequately stated a claim for damages. Moreover, assuming *arguendo* that the Franchise Agreement is construed to limit plaintiff's alleged damages, the court cannot determine at this stage of the case whether the Franchise Agreement would limit or extinguish plaintiff's alleged damages for the common law causes of action pleaded in separate counts outside of the Franchise Agreement, namely plaintiff's claims of fraud and negligent misrepresentation. Accordingly, defendants' motion to dismiss plaintiff's claims for damages is denied.

## V. CONCLUSION

For the foregoing reasons, defendants' 12(b)(6) motion is denied. An Order consistent with this Memorandum Opinion shall issue.

Dated: June 14, 2019

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE